### No. 512

KMIECIK v. KORYTA et.

No. 19124. Supreme Court.

On motion to certify. Docketed May 8, 1925; 3 Abs. 313.

1235. VERDICT—If error is made in opening statement to jury, does it stand as corrected when Court recommends and there is reading of petition to jury? Is directed verdict proper?

211. CAUSE OF ACTION—Can action for search be predicated on trespass when nothing is found thereby, whether or not it is in legal form?

Tekla Kmiecik brought her action in the Cuyahoga Common Pleas against Anthony Koryta and Emil Milkowski, members of the Cleveland Police Department and their respective sureties on the official bonds of the officers. The action was in tort, for damages sustained by Kmiecik as a result of their unlawful search of her bona fide residence. It was alleged that the policemen maliciously and wickedly intending to injure the good name of the plaintiff, did, without reasonable or probable cause, procure to be issued a warrant based on an affidavit sworn to by Milkowski, authorizing the search of said residence. As a result of the search it was claimed, Kmiecik suffered a shock of her nervous system, became distressed in mind, and suffered great mental and physical pain; for which $500 was asked as damage.

Counsel for Kmiecik commenced on the opening statement to the jury and, when an objection was made to a statement, was requested by the court to read the petition to the jury, which request was complied with by said counsel. At the conclusion thereof, a motion to direct a verdict was sustained on the ground that the petition was insufficient, and that there was no conspiracy under the state of facts alleged, although an amendment was made to the opening statement.

Error was prosecuted and the Court of Appeals, Hauck, Shields, and Patterson, 5th Dist., sitting, affirmed the judgment of the lower court.

Kmiecik brings the case to the Supreme Court on motion to certify and in support thereof contends:

If counsel for Kmiecik, in the trial of the cause failed to state a case in his opening statement to the jury, the error, if any, was corrected by the court itself in its recommendation to said counsel to read the amended petition to the jury and by compliance by counsel with said recommendation.

It is claimed that counsel for Koryta stressed the point that the police officers acted within scope of their duties and were therefore not liable. It is contended that the action may be maintained, not only where the affidavit is perfectly valid, but even when it is an order, or judgment of the court having jurisdiction, providing the proceedings were instituted and

the order procured by malicious motives. Brickman v. Droelsbaugh, 97 OS. 181.

It is also claimed that a person suing out a search warrant does so at his own peril and is liable in an action in trespass for damages if goods are not found, he is a trespasser, and whether warrant is in legal form or not.

Attorneys—F. J. Kmiecik and C. V. Hull, for Kmiecik; Geo. W. Perry for Koryta, et; all of Cleveland.